## GOODYEAR TIRE & RUBBER CO v FULTON et

Ohio Appeals, 9th Dist, Summit Co

No 2804. Decided March 29, 1937

Donald Gottwald, Akron, for appellant.

Herbert S. Duffy, Atty. Gen., Columbus, Leonard J. Breiding, Asst. Atty. Gen., Akron, and Fred E. Renkert, Special Counsel, Akron, for appellee I. J. Fulton, Supt., etc.

## OPINION

By STEVENS, PJ.

This cause is before this court upon appeal on questions of law.

In February of 1933, the Goodyear Tire & Rubber Co. had a commercial account in the East Akron branch of the First Central Trust Co., and at the dates hereinafter mentioned, the plaintiff, the Goodyear Tire & Rubber Co., had a credit with said bank sufficient to cover the checks in question.

On February 27, 1933, plaintiff, through its agent informed the defendant bank that on the next day it wished to withdraw approximately $40,000 from its account for payroll purposes, and, according to its usual custom, on the morning of February 28, plaintiff company furnished to the defendant bank a so-called "change sheet," advising said bank of the denominations in which it wanted the money paid upon one check in the amount of $30,058.36.

Shortly after noon of said day, a teller at the bank informed the plaintiff that said money was ready for delivery, and that the same had been packaged in accordance with the advice contained in said "change sheet." Plaintiff's agent then presented two checks drawn by plaintiff on its account and in its own favor—one for said sum of $30,058.36, and the other for $11,620.90, this latter check being also for payroll purposes.

The bank teller sequestered the currency for the payment of the second check, and was about to deliver the money to plaintiff on both checks, when, by reason of an order received from the president of the bank, the teller refused to deliver said money. Actual physical possession of the money did not change from the bank to the plaintiff company.

After the bank was taken over for liquidation by the superintendent of banks, a claim for preference in the amount of said two checks was presented, which claim was disallowed, and the plaintiff thereafter duly filed its action to have the court declare said claim to constitute a preference.

In the Court of Common Pleas, a demurrer to plaintiff's petition was interposed by the superintendent of banks, which demurrer was sustained by the trial court; but the facts as alleged in plaintiff's petition were conceded to be true, and the journal entry of the court shows that said case was disposed of upon its merits, rather than upon the demurrer, so that we now have before us a final judgment upon the merits of said case.

It is the contention of the plaintiff that title to the money in question passed to it when said money was segregated from the other money of the bank, and when it delivered said two checks to the teller of the bank, although the money in question never left the possession of the bank. It is claimed that the mere obtainance of possession of said checks by the teller of the bank constituted an acceptance of the checks, and that at that time eo instanti, title to the money, which had been segregated, passed to the plaintiff, and that the refusal of the bank to surrender the manual possession of said money, after said title had so passed, constituted a conversion thereof by the bank—from which, it is claimed, a constructive trust ex maleficio arises in favor of the plaintiff.

It is not urged that the maxim of equity, "Equity considers that as done which ought to be done," is applicable to this case, but it is urged that equity considers that as done which actually was done, and that if title to said money did pass to the plaintiff company by the acceptance of said checks, then there is a basis for equitable intervention by the court, and plaintiff is entitled to equitable relief.

The defendant superintendent of banks, on the other hand, contends that the situation presented is simply that of a refusal by the bank to pay upon demand an order given by a depositor of the bank, for payment of moneys owing by said bank to said depositor; that plaintiff's only remedy is an action at law for breach of the bank's contract to pay upon demand, and that, since plaintiff has an adequate remedy at law, there is no basis for equitable intervention.

The crucial question in the case, of course, is whether or not title to said money, admittedly segregated from the other funds of the bank, did pass to the plaintiff company upon the teller of said bank acquiring manual possession of said checks.

In this connection it may be well to consider exactly what a check is. It has been defined by our Supreme Court as being a  written order upon a bank or banking house, purporting to be drawn upon a deposit of funds for the payment of a certain stated sum of money, to a certain person therein named, or to him or his order, or to bearer, and payable instantly upon demand. It is defined by the Negotiable Instruments Act as follows: "A check is a bill of exchange drawn on a bank, payable on demand."

Bearing in mind these definitions of a check, the situation presented by the allegations of the petition herein seems to us to be this: When plaintiff's agent presented his principal's check to the bank for payment, he presented mere orders in writing to the bank to pay the amount of said checks, out of the funds belonging to the bank, and to charge the amount paid against plaintiff's credit in the bank.

Until the agent of the bank actually surrendered possession of the money to the agent of plaintiff company, it (the bank) had not honored plaintiff's demand, and upon its refusal to so honor said demand it would probably be liable in damages for a breach of its contract to pay on demand.

The acceptance of said demand by the bank would be complete only upon the delivery of the money to plaintiff or its agent, and like the rule in connection with gifts of chattels capable of manual delivery, there must be a transfer of possession—either by actual transition from hand to hand, or by an expression of the bank's willingness that the payee should take the money, which was present and in a situation to be taken by either party.

Here there was no manual transfer of possession, nor was there an expression of willingness on the part of the bank that the payee should take the money there present to satisfy the demand made in said checks. The contrary appears, for the agent of the bank refused to honor the demand made in said checks, by refusing to surrender the money therein demanded to be delivered to plaintiff. The wrongful refusal to pay on demand does not operate to change the debtor-creditor relation into one of trustee and cestui que trust.

The Akron Coal Co. v Fulton, Supt. et, 52 Oh Ap 257, (20 Abs 558).

The reasoning contained in the finding of the trial court seems to this court to be sound, as also does the conclusion reached by the trial court.

The judgment will therefore be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.